United States District Court
Southern District of Texas
**ENTERED**
December 22, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA LEMAIRE, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-15-1981 |
| § | |
| TAMMY McRAE, *et al.*, § | |
|     Defendants. § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion to Dismiss [Doc. # 17] filed by Defendants Tammy McRae, J.R. Moore, Jr., and Montgomery County, Texas. Plaintiff Angela LeMaire filed a Response [Doc. # 22], and Defendants filed a Reply [Doc. # 23]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss.

## I. BACKGROUND

Plaintiff was an employee of the Montgomery County Tax Office ("Tax Office"). Defendant Tammy McRae was the Chief Deputy Tax Assessor-Collector for Montgomery County, Texas, and then the appointed County Tax Assessor-Collector. Defendant J.R. Moore, Jr. was, until September 2014, the elected County Tax Assessor-Collector. McRae and Moore were Plaintiff's ultimate supervisors during her employment with the Montgomery County Tax Office.

Plaintiff alleges that in May 2013, co-worker Ruth Ann VanDine's employment was terminated. Ms. VanDine filed a grievance, claiming that her termination was the result of age discrimination. Plaintiff alleges that her supervisor, Defendant McRae, asked her to testify against Ms. VanDine, but Plaintiff refused.

On June 9, 2013, Plaintiff was notified that she would be "laid off due to budgetary reasons." *See* First Amended Complaint [Doc. # 13], ¶ 26. On July 1, 2013, Plaintiff's layoff was approved by the Montgomery County Commissioner's Court, and Plaintiff's last day working for the Tax Office was July 11, 2013.

On April 29, 2014, Plaintiff filed a Charge of Discrimination ("EEOC Charge") with the Equal Employment Opportunity Commission ("EEOC"). In her EEOC Charge, Plaintiff alleged sex discrimination, retaliation, and hostile work environment. *See* EEOC Charge, Exh. A to Response. With reference to her retaliation claim, Plaintiff stated that she believed her employment was terminated "in retaliation for refusing to testify against another employee, Missy Vandine." *See id.* In late October 2014, "Plaintiff asked the EEOC to issue her a right-to-sue notice," which was issued on May 8, 2015, and received by Plaintiff on May 22, 2015. *See* First Amended Complaint, ¶¶ 10-12.

Plaintiff in her First Amended Complaint alleges that the termination of her employment was unlawful retaliation in violation of the Age Discrimination in

Employment Act ("ADEA"). Plaintiff's second claim is that, in late 2013, Defendants interfered to prevent her from obtaining two positions with Montgomery County in retaliation for her having filed a written complaint with the County Attorney asserting that her discharge was retaliatory.

Defendants filed their Motion to Dismiss asserting, *inter alia*, that the retaliatory discharge claim is time-barred, and that Plaintiff has not exhausted her claim of retaliatory interference. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.    APPLICABLE LEGAL STANDARDS

Defendants seeks dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6).[1] Under Rule 12(b)(1), a lawsuit "is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). "In considering a

---

[1] It is unclear in the Fifth Circuit whether dismissal of a Title VII claim for failure to exhaust administrative remedies should be pursuant to Rule 12(b)(1) or Rule 12(b)(6). *See Mazurkiewicz v. Clayton Homes, Inc*., 971 F. Supp. 2d 682, 689 (S.D. Tex. 2013) (Costa, J.) ("[W]hile it remains unclear in the Fifth Circuit whether failure to exhaust administrative remedies deprives a court of subject-matter jurisdiction, . . . filing an EEOC charge and receiving a right-to-sue letter are unquestionably conditions precedent for suit in federal court. Accordingly, cases filed in the Fifth Circuit are subject to Rule 12 dismissal if the plaintiff has not completed the EEOC process." (internal citations and quotation marks omitted)); see also *Chhim v. Univ. of Houston Clear Lake*, __ F. Supp. 3d __, 2015 WL 5252673, * 3 n.8 (S.D. Tex. Sept. 9, 2015).

challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahou*, 751 F.3d 303, 307 (5th Cir. 2014).

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief

under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). "Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 499. These are documents presumably whose authenticity no party questions.

### III.  **ANALYSIS**

Defendants argue that Plaintiff failed to exhaust her administrative remedies as to the retaliatory discharge claim by failing to file her EEOC Charge within 300 days after notice that her employment was being terminated. Defendants argue that Plaintiff failed to exhaust her administrative remedies as to the retaliatory interference claim by failing to include those allegations in the EEOC Charge.

### A.     <u>Retaliatory Discharge Claim</u>

Plaintiff alleges that the termination of her employment violated the ADEA because it was in retaliation for her support of Ms. VanDine's protected activity. Before pursuing an ADEA claim in federal court, an employee must first exhaust available administrative remedies. *See* 29 U.S.C. § 626(d)(1); *Julian v. City of Houston*, 314 F.3d 721, 725 (5th Cir. 2002); *Allard v. Holder*, 494 F. App'x 428, 431 (5th Cir. Oct. 5, 2012). "For cases arising in Texas, a complainant must file within 300 days of the last act of discrimination." *Julian*, 314 F.3d at 726 (citing 29 U.S.C. § 626(d)(2)). A charge is "filed" when it is received by the EEOC. *See* 29 C.F.R. § 1601.13; *Pullen v. Caddo Parish Sch. Bd.*, 2015 WL 4067567, *3 (W.D. La. July 2, 2015).

The 300-day limitations period begins to run on the date the plaintiff received notice of termination, rather than the final date of employment. *See Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 456 (5th Cir. 2011). "The notice of termination must be unequivocal to start the running of the limitations period." *Id.* "The limitations period begins when an employee is unambiguously informed of an immediate or future termination." *Id.* "An employment event that is merely an effect of a prior employment decision does not constitute a separate and distinct act that begins the calendar anew for bringing an ADEA claim." *Id.*

In this case, Plaintiff was notified on June 9, 2013, that she would be laid off. *See* First Amended Complaint, ¶ 26. Plaintiff's termination was approved by the County Commissioner's Court on July 1, 2013. *See id.*, ¶ 28. Plaintiff characterizes the Commissioner's Court approval on July 1, 2013, as the County's "official position." *See* Response, p. 5. Plaintiff's EEOC Charge was received by the Houston District Office of the EEOC on April 29, 2014, 302 days after the Commissioner's Court approval of the decision to terminate Plaintiff's employment. *See* EEOC Charge, Exh. A to Response. As a result, Plaintiff's EEOC Charge was filed more than 300 days after the Tax Office's June 9, 2013, notice of its decision to lay off Plaintiff and more than 300 days after the Tax Office's decision was approved by the County Commissioner's Court on July 1, 2013. As a result, Plaintiff's filing of her EEOC Charge was untimely, and the retaliatory discharge claim based on her refusal to testify for the County against VanDine is time-barred.

### B. Retaliatory Interference Claim

Plaintiff alleges that she submitted a written complaint to the County Attorney expressing her belief that her discharge from the Tax Office was retaliatory and, thereafter, the County unlawfully retaliated against her by interfering with two positions with the County for which she was not selected in December 2013. *See* First Amended Complaint, ¶¶ 42-43, 32-33. Plaintiff in her EEOC Charge did not mention

any alleged retaliation for complaining to the County Attorney or any alleged retaliation by interfering with her attempts to obtain other employment with Montgomery County. Instead, Plaintiff alleged only retaliatory discharge. *See* EEOC Charge, Exh. A to Response. Plaintiff's failure to obtain the other County positions, specifically a position with the Montgomery County Appraisal District and a position with the Montgomery County Sheriff's Office, occurred in December 2013, well before Plaintiff filed the EEOC Charge on April 29, 2014.

The Fifth Circuit does "'not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation.'" *Castro v. Texas Dept. of Crim. Justice*, 541 F. App'x 374, 379 (5th Cir. Sept. 18, 2013) (quoting *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008)). A claim that was not formally raised in the EEOC Charge may still be deemed exhausted if the EEOC investigation of the unasserted claim could "reasonably be expected to grow out of" the claims actually raised in the EEOC Charge. *See Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006); *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 569 (5th Cir. Apr. 25, 2012); *Callies v. Donahoe*, 2014 WL 4215470, * 4 (S.D. Tex. Aug. 25, 2014). Therefore, the issue before the Court is whether Plaintiff's complaint in her EEOC Charge that the termination of her employment was in retaliation for her refusal to

testify against Ms. VanDine might reasonably have been expected to lead to an EEOC investigation of a claim that Defendants later (but prior to the date the EEOC Charge was filed) retaliated against Plaintiff by preventing her from receiving other positions with the County.

In the EEOC Charge, there is no mention of Plaintiff's written complaint to the County, and no mention of Plaintiff's unsuccessful applications for other positions with the County. There is no basis for an expectation that, in addition to investigating the retaliatory discharge claim, the EEOC would also investigate allegations of retaliatory interference with Plaintiff's applications for other positions. Although Plaintiff sent a letter to the EEOC investigator on October 9, 2014, mentioning the positions for which she unsuccessfully applied, there is no allegation that Defendants were provided a copy of the October 9, 2014 letter or that it prompted the EEOC to include an investigation of those allegations with the retaliatory discharge claim set forth in Plaintiff's EEOC Charge.

Plaintiff's allegations in the First Amended Complaint regarding her retaliatory interference claim were not included in her EEOC Charge. Additionally, an EEOC investigation of these allegations could not "reasonably be expected to grow out of the charge" of retaliatory discharge actually presented in the EEOC Charge. As a result, the retaliatory interference claim is unexhausted.

## IV.     CONCLUSION AND ORDER

Plaintiff's claim of retaliatory discharge is untimely, and she failed to exhaust her claim of retaliatory interference in hiring. As a result, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 17] is **GRANTED** and this case is **DISMISSED**. The Court will issue a separate final order of dismissal.

SIGNED at Houston, Texas, this **22nd** day of **December, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE